UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------
JOHN J. KRONDES,

                    Plaintiff,

          -against-

NATIONSTAR MORTGAGE, LLC, *et al.*,

                    Defendants.
------------------------------------------------------------

17cv4974

OPINION & ORDER

WILLIAM H. PAULEY III, Senior United States District Judge:

        John J. Krondes brings this pro se action against Nationstar Mortgage LLC ("Nationstar"), Bank of America Corporation, Bank of America, N.A., Countrywide Home Loans, Inc., Countrywide Financial Corporation, Jay Bray, the Bank of New York Mellon f/k/a the Bank of New York ("BONY"), and Mortgage Electronic Registration Systems, Inc. ("MERS," and collectively, "Defendants"), arising out of BONY's attempts to foreclose on his residence. Defendants move to dismiss, asserting the Colorado River and Younger abstention doctrines apply, venue is improper, and the Complaint fails to comply with Federal Rule of Civil Procedure 8(a). For the reasons that follow, Defendants' motion is granted. Colorado River abstention applies and venue is improper in this District.

BACKGROUND

        Krondes owns a condominium apartment in Stamford, Connecticut. (Complaint, ECF No. 1 ("Compl."), at 1, 7.) In 2003, Krondes entered into a mortgage loan agreement with Countrywide Home Loans, Inc., d/b/a America's Wholesale Lender. (Compl. at 7 & Ex. B.) In March 2007, America's Wholesale Lender assigned Krondes' mortgage to BONY as Trustee for Certificateholders of Asset-Backed Securities, Series 2003-2. (Declaration of Counsel in

Support of Motion to Dismiss, ECF No. 53-2 ("Defs.' Decl."). Ex. E.) In July 2007, BONY brought a foreclosure action against Krondes in Connecticut state court, alleging that Krondes had defaulted on his mortgage. (See Defs.' Decl., Ex. B ("State Court Complaint"), ¶ 12; Compl. Ex. P, at 3.) In 2010, that action was dismissed. (Compl., at 8.) In 2013, BONY filed a second foreclosure action against Krondes, but that too was subsequently dismissed. (Compl., at 9.)

In July 2015, Krondes purported to cancel his mortgage by sending Defendants a "Notice of Rescission." (Compl. at 9–10 & Ex. A.) In August 2016, Krondes' mortgage was assigned to BONY as trustee for CWABS, Inc. Asset-Backed Certificates, Series 2003-2. (Defs.' Decl., Ex. F.)

In January 2017, BONY filed a third foreclosure action against Krondes. (Compl. at 10–11; Defs.' Decl., Ex. B.) That litigation is pending in Connecticut state court.

In June 2017, Krondes filed this civil action. His hydra-like Complaint spans 194 pages (273 pages with exhibits), and pleads twenty-one claims, including violations of the Federal Trade Commission Act, violations of both Connecticut and New York's Unfair Practices Act, five varieties of fraud, unconscionability, wrongful institution of foreclosure proceedings, breach of contract, intentional infliction of emotional distress, negligence, conspiracy, RICO violations, FDCPA violations, TILA violations, and violation of due process. (See Compl. Ex. 10, at 1–2.) In essence, all the claims derive from Krondes' assertions that his mortgage and its assignments were not valid. (See, e.g., Compl., at 36.)

Through this action, Krondes seeks injunctions, damages in excess of one hundred million dollars, a declaration that his mortgage is void, and an order dismissing the pending foreclosure action with prejudice. (Compl. at 191–94.) Since filing the Complaint,

Krondes moved three times for preliminary relief, two of which sought to enjoin the ongoing foreclosure action. (See ECF Nos. 38, 42, and 48.)

Defendants contend that this action constitutes an improper collateral attack on the state court proceeding. Indeed, Krondes acknowledges that he brought this case due to "multiple violations of . . . laws and codes [committed] by the Defendants <u>for bringing and/or participating in three (3) wrongful forecloses actions</u>." (Compl. at 6 (emphasis added).) Defendants also contend that this Court is an improper venue, that the Complaint is not a "short and plain statement" as required by Federal Rule of Civil Procedure 8, and that many of Krondes' claims fail on the merits.

## LEGAL STANDARD

"A motion to abstain is considered a motion to dismiss for lack of subject matter jurisdiction pursuant to [Federal] Rule [of Civil Procedure] 12(b)(1)." <u>Wilmington Trust, Nat'l Ass'n v. Estate of McClendon</u>, 287 F. Supp. 3d 353, 360 (S.D.N.Y. 2018). "When a defendant moves to dismiss under Rule 12(b)(1) for lack of subject matter jurisdiction, and also moves to dismiss on other grounds . . . the Court must consider the Rule 12(b)(1) motion first." <u>Bobrowsky v. Yonkers Courthouse</u>, 777 F. Supp. 2d 692, 703 (S.D.N.Y. 2011). "A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." <u>Makarova v. United States</u>, 201 F.3d 110, 113 (2d Cir. 2000). On a motion challenging subject-matter jurisdiction, "the court has the power and obligation to decide issues of fact by reference to evidence outside the pleadings." <u>Tandon v. Captain's Cove Marina of Bridgeport, Inc.</u>, 752 F.3d 239, 243 (2d Cir. 2014).

3

Like a motion under Rule 12(b)(6), this court "accept[s] all material factual allegations in the complaint as true and draw[s] inferences from those allegations in the light most favorable to plaintiff." Jaghory v. N.Y. State Dep't of Educ., 131 F.3d 326, 329 (2d Cir. 1997). A "plaintiff asserting subject matter jurisdiction has the burden of proving by a preponderance of the evidence that it exists." MacPherson v. Town of Southampton, 738 F. Supp. 2d 353, 361 (E.D.N.Y. 2010) (citation omitted). As a pro se litigant, this Court affords Krondes "special solicitude" and interprets his complaint "to raise the strongest claims that it suggests." Hardaway v. Hartford Public Works Dep't, 879 F.3d 486, 489 (2d Cir. 2018) (citation omitted).

A motion to dismiss for improper venue is brought under Federal Rule of Civil Procedure 12(b)(3). "On a Rule 12(b)(3) motion . . . the burden of showing that venue in the forum district is proper falls on the plaintiff." U.S. Envtl. Prot. Agency *ex rel.* McKeown v. Port Auth. of N.Y. & N.J., 162 F. Supp. 2d 173, 183 (S.D.N.Y. 2001). If the court finds venue is improper, determining whether to dismiss or transfer "lies within the sound discretion of the district court." Minnette v. Time Warner, 997 F.2d 1023, 1026 (2d Cir. 1993).

DISCUSSION

I. Colorado River Abstention

Generally, "the pendency of an action in the state court is no bar to proceedings concerning the same matter in the Federal court having jurisdiction." Colo. River Water Conservation Dist. v. United States, 424 U.S. 800, 817 (1976) (citation omitted). But the Supreme Court has recognized a number of "extraordinary and narrow exceptions to a federal court's duty to exercise its jurisdiction." Woodford v. Cmty. Action Agency of Greene Cty., Inc., 239 F.3d 517, 522 (2d Cir. 2001) (citing Colorado River, 424 U.S. at 813) (quotation marks

4

and alteration omitted). In Colorado River, the Supreme Court held that in certain circumstances a federal court should defer to ongoing state proceedings in the interests of "federal-state relations" and "wise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation." Colorado River, 424 U.S. at 817 (citation and alteration omitted).

Under Colorado River, a court must first determine if the federal and state court actions are parallel. "Suits are parallel when substantially the same parties are contemporaneously litigating substantially the same issues in another forum." Dittmer v. Cty. of Suffolk, 146 F.3d 113, 118 (2d Cir. 1998) (citation and quotation marks omitted). The court then considers six additional factors, "with the balance heavily weighted in favor of the exercise of jurisdiction." Niagara Mohawk Power Corp. v. Hudson River–Black River Regulating Dist., 673 F.3d 84, 100 (2d Cir. 2012) (citation and quotation marks omitted). These factors are: (1) "whether the controversy involves a res over which one of the courts has assumed jurisdiction"; (2) "whether the federal forum is less convenient than the other for the parties"; (3) "whether staying or dismissing the federal action will avoid piecemeal litigation"; (4) "the order in which the actions were filed . . . and whether proceedings have advanced more in one forum than in the other"; (5) "whether federal law provides the rule of decision"; and (6) "whether the state procedures are adequate to protect the plaintiff's federal rights." Woodford, 239 F.3d at 522.

In recent years, many litigants have filed actions in district courts seeking to do what Krondes seeks here: to enjoin an ongoing state foreclosure action based on alleged violations of federal and state law. In those cases, courts agree: although Colorado River abstention is narrow, it applies in such situations.

5

First, the actions are parallel. BONY seeks to foreclose on Krondes' condominium in the state court proceeding. (See State Court Complaint, ¶ 12.) In this action, Krondes sues BONY and similar entities, claiming that his mortgage and its subsequent assignments are invalid. See Potente v. Capital One, N.A., 2018 WL 1882848, at *4 (E.D.N.Y. 2018) (finding federal and state actions parallel for the same reason).

Although Krondes asserts federal claims in this action, "the two proceedings are essentially the same." Nat'l Union Fire Ins. Co. of Pittsburgh, Pa. v. Karp, 108 F.3d 17, 22 (2d Cir. 1997); see also Sitgraves v. Fed. Home Loan Mortg. Corp., 265 F. Supp. 3d 411, 413 (S.D.N.Y. 2017) (actions were parallel when both questioned whether Bank of America "may enforce the subject note and mortgage"); Phillips v. Citibank, N.A., 252 F. Supp. 3d 289, 296 (S.D.N.Y. 2017) ("[T]he fact that [p]laintif[f] seek[s] different . . . forms of recovery in this action does not defeat parallelism, where the underlying events remain identical."). Both actions have Krondes and BONY litigating against each other. Further, "[p]erfect symmetry of parties and issues is not required." Shields v. Murdoch, 891 F. Supp. 2d 567, 577 (S.D.N.Y. 2012) (citation omitted).

A balance of the remaining factors also favors abstention. First, the Connecticut state court has jurisdiction over the Connecticut res, i.e., Krondes' condominium. "A foreclosure action is an in rem proceeding." FDIC v. Four Star Holding Co., 178 F.3d 97, 102 (2d Cir. 1999); see also Wenegieme v. Bayview Loan Servicing, 2015 WL 2151822, at *3 (S.D.N.Y. May 7, 2015) (in foreclosure proceeding, the state court "exercised jurisdiction over the res in question"); Bromfield v. Lend-Mor Mortg. Bankers Corp., 2016 WL 632443, at *4 (D. Conn. Feb. 17, 2016) (same). When the state court action is one of foreclosure, this factor strongly favors abstention. See FDIC, 178 F.3d at 101–02 (finding this factor "dispositive").

6

The convenience of the forum also favors abstention. Krondes lives in Stamford, Connecticut and the foreclosure action is in the Stamford-Norwalk branch of the Connecticut state court. Maintaining this action would require Krondes to cross state lines to litigate. See Value Manufactured Homes, LLC v. Key Bank, N.A., 919 F. Supp. 2d 303, 309 (W.D.N.Y. 2013) (holding Michigan state court more convenient based on fact that "the property itself is located in Michigan [and] the underlying events occurred there").

Third, abstention would avoid piecemeal litigation. This factor is considered a "paramount consideration," especially when a failure to abstain may result in "inconsistent disposition[s]" which "would breed additional litigation on assertions of claim and issue preclusion." Arkwright–Boston Mfrs. Mut. Ins. Co. v. City of N.Y., 762 F.2d 205, 211 (2d Cir. 1985). Through this action, Krondes seeks a determination that his mortgage is void, a matter that will undoubtedly be raised in the state court proceeding. Therefore, the "potential exists for inconsistent and mutually contradictory determinations." Jenkinson v. Baptiste-Bruno, 2016 WL 7377234, at *4 (S.D.N.Y. Dec. 20, 2016) (citation and quotation marks omitted). Additionally, many of Krondes' allegations, including whether America's Wholesale Lender was able to issue a mortgage, whether the mortgage assignments are valid, and whether Krondes properly rescinded his mortgage, can "be handled as . . . defense[s] to the foreclosure claim." Bromfield, 2016 WL 632443, at *5; see also Sitgraves, 265 F. Supp. 3d at 414 ("[E]nforcement of the note and mortgage belongs in the foreclosure action . . . .").

Fourth, the relative progress of the two proceedings slightly favors abstention. For this factor, "priority should not be measured exclusively by which complaint was filed first, but rather in terms of how much progress has been made in the two actions." Moses H. Cone Memorial Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 21 (1983). The state court action was

filed in January 2017, and since then has been in mediation. A mediation session was held on February 8, 2018. See Bank of N.Y. Mellon v. Krondes, Case No. FST-CV17-6030956-S (Conn. Super. Ct.).

Although there have been admittedly no formal proceedings in that action, even less has occurred here—just the filing of the complaint and briefing on this motion. See Colorado River, 424 U.S. at 820 (finding significant "the apparent absence of any proceedings in the District Court, other than the filing of the complaint, prior to the motion to dismiss"); Server v. Nation Star Mortg., LLC, 2017 WL 3097493, at *5 (D. Conn. July 20, 2017) (although certain proceedings had occurred in state action, nothing in federal court had occurred besides motion to dismiss). Thus, the posture of this case contrasts with those cases holding abstention was not warranted because discovery had commenced, or summary judgment motions were filed, or a trial date was set. See Vill. of Westfield, 170 F.3d at 123. In that regard, this Court notes that Krondes requested the state court mediation and has sought multiple extensions of the mediation process.

Fifth, the applicable law is mainly Connecticut's. Although Krondes asserts five federal causes of action, each relies on the same underlying facts: whether his mortgage is valid and whether the Defendants may foreclose on his property, matters of state law. "[I]t is well settled that judgments of foreclosure . . . are fundamentally matters of state law." Muong v. Fed. Nat'l Mortg. Ass'n, 2013 WL 6667374, at *2 (E.D.N.Y. Dec. 16, 2013). "No matter how one parses the complaint in this action . . . it clearly relates to matters that are subject to the mortgage foreclosure proceeding in the . . . State Court." Value Manufactured Homes, 919 F. Supp. 2d at 306; see also Bromfield, 2016 WL 632443, at *5 ("Although the Complaint purports to invoke federal law, the allegations do not come close to stating a colorable federal claim.").

8

Krondes' five federal claims are either deficient or can be resolved in state court. Although he asserts violations of the Federal Trade Commission Act, that statute "is only enforceable by the Federal Trade Commission" and "does not grant . . . consumers standing to enforce its provisions." Cheng Kai Yu v. Klapper, 1989 WL 47702, at *3 (E.D.N.Y. Apr. 28, 1989). Krondes asserts RICO violations, but "claims that [a] defendan[t] threatened and initiated foreclosure are nothing more than conduct undertaken in the ordinary course of business or litigation and cannot be fairly characterized as extortion that is independently wrongful under RICO." Mejia v. EMC Mortg. Corp., 2012 WL 367364, at *8 (C.D. Cal. Feb. 2, 2012) (citation and alterations omitted). Krondes' references to past federal investigations of Defendants, combined with vague assertions that Defendants "conspired" in bringing foreclosure actions, do not sufficiently plead a RICO enterprise. See Antcil v. Ally Fin., Inc., 998 F. Supp. 2d 127, 141–43 (S.D.N.Y. 2014), rev'd on other grounds sub nom. Babb v. Capitalsource, Inc., 588 F. App'x 66 (2d Cir. 2015).

Krondes asserts violations of the FDCPA. But almost all of the Defendants owned or own his mortgage, and therefore they are not debt collectors under the FDCPA. See Graham v. Select Portfolio Servicing, Inc., 156 F. Supp. 3d 491, 515 (S.D.N.Y. 2016) ("Mortgage companies collecting debts are not debt collectors[.]") (citation, quotation marks, and alterations omitted.) Whether Nationstar is a debt collector is difficult to determine on the current record. But Krondes' FDCPA claim against Nationstar encompasses the same arguments at issue in state court—whether Nationstar is trying to collect payment on a fraudulent mortgage. (See, e.g., Compl., at 170 (claiming harassment because Defendants are attempted to foreclosure on a fictitious mortgage).)

Krondes' due process claim lacks merit because the Defendants are not state actors. See Lugar v. Edmondson Oil Co., 457 U.S. 922, 924 (1982). Finally, Krondes may pursue his TILA claims in state court. See 15 U.S.C. § 1640(e); Potente, 2018 WL 1882848, at *6 (concurrent jurisdiction over TILA claims favored abstention); Server, 2017 WL 3097493, at *5 (same). In short, "the bulk of th[is] litigation would necessarily revolve around the state-law rights of [the] parties." Gen. Reinsurance Corp. v. Cibna-Geigy Corp., 853 F.2d 78, 92 (2d Cir. 1988) (citation and alterations omitted); see also Server, 2017 WL 3097493, at *4 ("[A] laundry list of federal and state regulations, without more, are not sufficient to distinguish the two cases.").

The state-court action adequately protects Krondes' federal rights. Krondes' arguments regarding the validity of the mortgage can be raised as defenses in state court. See Wenegieme, 2015 WL 2151822, at *3. There is no reason why Krondes cannot expect a fair and timely adjudication of that proceeding. Again, the "Colorado River factors . . . are to be applied in a pragmatic, flexible manner with a view to the realities of the case at hand." Moses H. Cone Memorial Hosp., 460 U.S. at 21. In reviewing those factors, it is obvious that most of Krondes' complaint concerns events at issue in the foreclosure action. Accordingly, this Court, in its informed discretion, abstains.

II.     Venue

Even if Colorado River abstention did not apply, venue is improper in the Southern District of New York. Under 28 U.S.C. § 1391(b), a civil case may be brought in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the state in which the district is located;
>
> (2) a judicial district in which a substantial part of the events . . . giving rise to the claims occurred, or a substantial part of property that is subject of the action is situated; or

> (3) if there is no district in which an action may otherwise be brought . . . any judicial district in which any defendant is subject to the court's personal jurisdiction.

28 U.S.C. § 1391(b). A corporate defendant resides "in any judicial district in which [it] is subject to the court's personal jurisdiction with respect to the civil action in question." 28 U.S.C. § 1391(c). As described above, many of the Defendants do not reside in New York, as they are neither incorporated in nor have their principal place of business here. See Friedman v. Revenue Mgmt. of N.Y., Inc., 839 F. Supp. 203, 206 (S.D.N.Y. 1993). Therefore, § 1391(b)(1) is inapplicable.

This Court therefore turns to § 1391(b)(2) to see where a substantial part of the events or property at issue is located. Although Krondes asserts that the Southern District of New York qualifies, it is difficult to determine how. The mortgage deed and its assignment concern real property in Connecticut. Krondes sent his notice of rescission to America's Wholesale Lender, located in Calabasas, California. (See Compl. Ex. A.) The assignments of mortgage were executed in Texas, and Krondes addressed his dispute letters to Texas. (Compl. Exs. F–K.)

Venue may properly lie in the District of Connecticut, as the "district in which a substantial part of the events giving rise to the claims occurred, or a substantial part of property that is subject of the action is situated." See 28 U.S.C. § 1391(b)(2); see also Wenegieme, 2015 WL 215822, at *4–5; Hamilton v. JPMorgan Chase Bank, 118 F. Supp. 3d 328, 333 (D.D.C. 2015).

Under 28 U.S.C. § 1406, when a case has been brought in the wrong venue, a court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or

division in which it could have been brought." 28 U.S.C. § 1406(a).  Because this Court determines that abstention applies, dismissal of this action is the proper course.

## CONCLUSION

Accordingly, Defendants' motion to dismiss is granted.  The Clerk of Court is directed to terminate all pending motions, mark this case as closed, and mail a copy of the Memorandum & Order to Plaintiff.

Dated: June 12, 2018
      New York, New York

SO ORDERED:

_____
WILLIAM H. PAULEY III
U.S.D.J.